EVAN R. MOSES, CA Bar No. 198099
evan.moses@ogletree.com
MADELEINE K. LEE, CA Bar No. 258520
madeleine.lee@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

JUSTIN M. DEAN (*pro hac vice application forthcoming*)
justin.dean@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
4520 Main Street, Suite 400
Kansas City, MO 64111
Telephone: 816-471-1301
Facsimile: 816-471-1303

Attorneys for Defendant
PENSKE TRUCK LEASING CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN VELEZ RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE TRUCK LEASING CORPORATION, A DELAWARE CORPORATION; ALEX DARE, AN INDIVIDUAL; AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No. 4:22-cv-7734<br><br>**DEFENDANT PENSKE TRUCK LEASING CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>**[DIVERSITY JURISDICTION]**<br><br>[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Declarations of Jennifer Diercksmeier, Alex Dare, and Evan R. Moses]<br><br>State Court Action Filed: November 2, 2022<br>Trial Date:     None |

Case No. _____

DEFENDANT PENSKE TRUCK LEASING CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JUAN VELEZ RODRIGUEZ AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant Penske Truck Leasing Corporation ("Defendant" or "PTL"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446 based on the following grounds: (1) the undisputed facts demonstrate that Defendant Alex Dare is a sham defendant; (2) without this sham defendant, there is complete diversity of citizenship between Plaintiff, a citizen of the state of California, and PTL, a citizen of the states of Delaware and Pennsylvania; (3) the amount in controversy meets the jurisdictional requirement of exceeding $75,000 as set forth in Section 1332(a); and (4) this removal petition is timely filed. The foregoing facts are true as of the date of the filing of this Notice of Removal, as more fully set forth below and on the following grounds:

## I. THE STATE COURT ACTION

1. On November 2, 2022, Plaintiff filed a Complaint in the Superior Court of California for the County of Alameda, Case No. 22CV020996 captioned *Juan Velez Rodriguez v. Penske Truck Leasing Corporation et al.* (the "Complaint"). A true and correct copy of Plaintiff's Complaint and all other orders and papers served upon PTL is attached to this Notice of Removal ("Notice") as **Exhibits A** (Complaint) and **C** (State Court Documents Served), respectively.

2. PTL was served with the Summons and Complaint on November 7, 2022. *See Declaration of Jennifer Diercksmeier*, ("Diercksmeier Decl."), ¶ 2.

3. Defendant Alex Dare has not been served. *See Declaration of Alex Dare*, ("Dare Decl."), ¶ 2. Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need

not join in removal). A nominal defendant or one that has not been served also does not need to join the notice of removal. Thus, joinder by Dare is not required.

4. On December 7, 2022, PTL filed its Answer and Affirmative Defenses in the Superior Court of California, County of Alameda. A true and correct copy of PTL's Answer and Affirmative Defenses is attached to this Notice as **Exhibit B.**

5. As set out more fully below, this action is one over which this Court has original jurisdiction and is one that may be removed to this Court under 28 U.S.C. Sections 1332, 1441, and 1446, in that this dispute is between citizens of different states and the alleged amount in controversy is greater than $75,000.

## II. SATISFACTION OF PROCEDURAL REQUIREMENTS

6. In accordance with 28 U.S.C. Section 1446(a), this Notice is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County Alameda, is located within the Northern District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. Section 84(c)(2) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served upon PTL is attached as **Exhibits A & C** to this Notice.

8. In accordance with 28 U.S.C. Section 1446(b)(3), this Notice was filed within thirty (30) days after receipt by any defendant of a paper from which they first ascertained that the case is one which is or has become removable.

9. In accordance with 28 U.S.C. Section 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk of the Superior Court of California, County of Alameda, and the Clerk of the Northern District of California. True and correct copies of the Notice to the Plaintiff and the state court shall be filed promptly.

### III. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

#### A. There Is Diversity Between the Proper Parties

10. For diversity purposes, a person is a "citizen" of the state in which she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place she resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that he "at the relevant times mentioned herein was, a resident of Alameda County." Complaint, ¶ 12. Accordingly, PTL is informed and believes that Plaintiff is a citizen of the State of California for purposes of this removal.

11. Pursuant to 28 U.S.C. Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction in *Hertz Corporation v. Friend*, 559 U.S. 77 (2010). *Hertz* held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at 93. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination." *Id*.

12. PTL was formed under the laws of the State of Delaware. PTL's headquarters is located in Reading, Pennsylvania. Diercksmeier Decl. ¶¶ 3-4.

13. PTL has one general partner: PTL GP, LLC. In turn, PTL GP, LLC's sole member is LJ VP Holdings, LLC. LJ VP Holdings, LLC's sole member is Penske Truck Leasing Corporation. Penske Truck Leasing Corporation is incorporated under the laws of the State of Delaware and its headquarters—and principal place of business—is in Reading, Pennsylvania, where its operations are coordinated. *Id.* ¶ 5.

14. PTL has three limited partners: (1) Penske Truck Leasing Corporation; (2) Penske Automotive Group, Inc.; and (3) MBK USA Commercial Vehicles, Inc. *Id.*

1  ¶ 6.

2  15. Penske Automotive Group, Inc. is a corporation organized under the laws
3  of the State of Delaware. Penske Automotive Group, Inc.'s headquarters—and
4  principal place of business—is in Bloomfield Hills, Michigan, where its operations are
5  coordinated. *Id.* ¶ 7.

6  16. MBK USA Commercial Vehicles, Inc. is a corporation organized under
7  the laws of the State of Delaware. MBK USA Commercial Vehicles, Inc.'s
8  headquarters—and principal place of business—is in Japan, where its operations are
9  coordinated. *Id.* ¶ 8.

10  17. Therefore, at most, PTL is a citizen of Delaware, Pennsylvania,
11  Michigan, and Japan.

12  18. Based on the foregoing, diversity is established between Plaintiff and
13  PTL. Plaintiff is a citizen of the state of California, and PTL is a citizen of the states
14  of Delaware and Pennsylvania. Thus, this timely filed Notice of Removal is based on
15  diversity between Plaintiff and PTL.

16  19. The Complaint names "DOES 1 through 25, inclusive," as defendants in
17  this lawsuit. In a removal, this designation may be ignored under 28 U.S.C. Section
18  1441(b)(1): "In determining whether a civil action is removable on the basis of the
19  jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under
20  fictitious names shall be disregarded."

21  **B.   Alex Dare is a Sham Defendant Whose Residency Must Be Disregarded for Diversity Purposes**
22

23  20. Plaintiff's Complaint arises from an employment dispute with his former
24  employer, PTL. However, Plaintiff's caption also names Alex Dare as a defendant.
25  Plaintiff pleads the Third (Retaliation in Violation of California Labor Code Section
26  1102.5) Cause of Action against Individual Defendant Alex Dare. Compl. ¶¶ 29-38.
27  Yet, in support of Plaintiff's claim, Plaintiff alleges no actionable conduct in this cause
28  of action against Alex Dare. The California Labor Code Section 1102.5 claim brought

jointly against Dare, a District Service Manager employed by PTL, clearly demonstrates that he is a "sham defendant" whom Plaintiff fraudulently joined in this action merely to prevent diversity jurisdiction.

21. Fraudulent joinder provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir. 1998). The non-diverse defendant who has been fraudulently joined cannot serve to defeat removal based on diversity between the proper parties—which, in this case, are Plaintiff and her former employer, PTL. *Morris v. Princess Cruises, Inc*. 236 F.3d 1061, 1067 (9th Cir. 2001). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Zogbi v. Federated Dept. Store*, 767 F. Supp. 1037, 1041 (C.D. Cal. 1991). Such fraudulently joined "sham defendants" are disregarded for purposes of subject matter jurisdiction, and the Court's exercise of diversity jurisdiction is proper. *Zogbi*, 767 F. Supp. at 1041 (individual employees were sham defendants whose presence did not destroy diversity).

22. It is well settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See, e.g*., *Morris*, 236 F.3d at 1067; *TPS Uticom Serv., Inc. v. AT & T Corp*., 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002). Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *See*, *e.g*., *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe*, 811 F.2d at 1339.

23. If there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendants, then those defendants have been fraudulently joined and must be ignored for the purposes of diversity jurisdiction. *See, e.g., Ritchey*, 139 F.3d at 1318-19; *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal.

1979), aff'd, 710 F.2d 549 (9th Cir. 1983) (where fraudulent joinder is shown, "the court may disregard the joinder and retain jurisdiction.").

24. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F.Supp. 245, 252 n. 5 (E.D. Cal. 1992).

### C. **Plaintiff Cannot Establish A Cause Of Action Against Individual Defendant Dare For Whistleblower Retaliation.**

25. California Labor Code Section 1102.5 is the statute under which Plaintiff brings her cause of action styled as "Whistleblower Retaliation." Compl. ¶¶ 29-38. Section 1102.5 prohibits an employer from retaliating against an employee for sharing information the employee "has reasonable cause to believe … discloses a violation of state or federal statute" or of "a local, state, or federal rule or regulation" with (1) a government agency; (2) a person with authority over the employee; (3) another employee who has authority to investigate, discover, or correct the violation; or (4) any public body conducting an investigation, hearing, or inquiry. *See* Cal. Lab. Code § 1102.5(b).

26. Numerous courts have held that individual employees may not be held liable under Section 1102.5. *See, e.g., Mewawalla v. Middleman,* 2022 WL 1304474, at *20-21 (N.D. Cal. May 2, 2022) (stating that "most district courts that have addressed the issue have held that section 1102.5 does not impose individual liability on supervisors," and dismissing section 1102.5 claim against individual defendants) (citations omitted); *see also CTC Glob. Corp. v. Huang*, Case No. SACV1702202AGKESX, 2018 WL 4849715, at *4 (C.D. Cal. Mar. 19, 2018) (Dismissing section 1102.5 claims against individuals, and stating, "[l]ike the relevant statutes in *Reno* and *Jones*, it appears the California legislature intended simply to extend an employer's liability, rather than to create a new category (supervisors) of

potential defendants."); and *Gonzalez v. Trojan Battery Co., LLC,* No. 220CV02735SVWMRW, 2020 WL 2857487, at *2 (C.D. Cal. June 2, 2020) ("[T]he language of Cal. Lab. Code § 1102.5, while broader than that contained in the statutes above, has consistently been construed by district courts in the Ninth Circuit to preclude individual liability by a manager or other non-employer.") (citations omitted).

27. Because, as a matter of law, Plaintiff's Section 1102.5 claim is not viable against individual defendants, Dare is not a proper defendant in this case.

## IV. AMOUNT IN CONTROVERSY

28. This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[1]

29. As a threshold matter, the Court may, for removal purposes, look to the complaint and removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As these pleadings show, the amount in controversy here is at least $75,000. For purposes of removal, PTL is required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699-701 (9th Cir. 2007). The Court must consider any "sums [that] would entail a payment" by the defendant, including damages for lost wages, compensatory damages, punitive damages, and attorneys' fees. *Id*. at 701.

30. In determining whether the jurisdictional minimum is met, the court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v.*

---

[1] PTL discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, PTL does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his causes of action.

*Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

31. Plaintiff alleges damages exceeding $75,000 in controversy, based on the following:

### A. Emotional Distress Damages

32. Plaintiff alleges that he "has also suffered and will continue to suffer . . . emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety." *See* Compl. ¶¶ 20, 26, 35, 42; Prayer "1" and "3".

33. Emotional distress damages are properly considered in calculating the amount in controversy. *See Simmons v. PCR Technology* 209 F.Supp.2d 1029, 1031-35 (finding that the plaintiff's alleged income loss of only $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfied the amount in controversy requirement).

34. Although Plaintiff does not state a certain amount of damages for emotional distress, "the vagueness of plaintiff's pleadings with regard to emotional distress damages should not preclude the court from noting these damages are potentially substantial." *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (plaintiff's failure to make explicit demands did not prevent satisfaction of the amount in controversy).

35. The following cases show that in employment discrimination cases, emotional distress damages, alone, are often sufficient to satisfy the amount in controversy requirement (*Bennett v. Alaska Airlines, Inc.*, 2014 WL 1715811 at *3 (C.D. Cal. 2014) [removing defendant may establish the amount in controversy by reference to jury verdicts in comparable cases]:

- *Iwekaogwu v. City of Los Angeles* (1999) 75 Cal.App.4th 803 [upholding $450,000 emotional distress award in a single-plaintiff employment discrimination

1  case where the plaintiff did not even seek treatment from a psychologist or psychiatrist
2  and complained of only moderate symptoms, such as nightmares and stress];

3  • *Anderson v. American Airlines* (9th Cir. 2009) 352 Fed.Appx. 182, 183
4  [upholding award of emotional distress damages for $1,000,000 in single-plaintiff
5  employment discrimination case];

6  • *Lemke v. BCI Coca-Cola of Los Angeles*, Los Angeles Superior Court
7  Case No. 2002-074745 (Dec. 16, 2004) [jury awarded $135,000 in emotional distress
8  damages in employment case where plaintiff alleged disability discrimination,
9  wrongful termination in violation of public policy, and intentional infliction of
10 emotional distress]; and

11 • *Betson v. Rite Aid Corp.*, 2011 WL 3606913 (Super. Ct. L.A. County)
12 [awarding $500,000 for pain and suffering to employee in discrimination action].

13 36.  Plaintiff's claims for emotional distress damages, alone, exceed the
14 requisite $75,000 amount in controversy threshold.

15 **B.  Punitive Damages**

16 37.  Plaintiff alleges that he is entitled to "an award of punitive damages" and
17 "exemplary damages" Compl. ¶ 21; *see also* Compl. ¶¶ 27, 36, 43, and Prayer at 5.

18 38.  Because Plaintiff seeks punitive damages, punitive damages should be
19 considered in determining the amount in controversy. *Bell v. Preferred Life Assurance*
20 *Society* (1943) 320 U.S. 238, 240 ("Where both actual and punitive damages are
21 recoverable under a complaint[,] each must be considered to the extent claimed in
22 determining jurisdictional amount."); *Bank of Calif. Nat'l Ass'n v. Twin Harbors*
23 *Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) (explaining that in determining the
24 amount in controversy, courts must consider the aggregate of general damages, special
25 damages, punitive damages, and attorneys' fees).

26 39.  Although PTL denies any liability whatsoever, it is more likely than not
27 that Plaintiff has put at least $75,000 in controversy for punitive damages, either alone
28 or in combination with his other claims. *See, e.g., Roby v. McKesson Corp.* (2009) 47

Cal.4th 686 (affirming punitive damages award of $1,905,000); *see also Simmons*, *supra*, 209 F.Supp.2d at 1033 (acknowledging the potential for "large" punitive damages awards in employment discrimination cases); *Rodriguez v. Valley Vista Services, Inc.*, 2013 WL 2102714 (Sup. Ct., County of Los Angeles 2013) (awarding plaintiff $7,570,261 and $9,000,000 in punitive damages from defendants in disability discrimination and wrongful termination case where plaintiff's past economic loss was $66,023).

### C. Statutory Penalty Under Labor Code § 1102.5.

40. Plaintiff also alleges a violation of Labor Code section 1102.5 against PTL. *See* Compl. ¶¶ 29-38. If a violation of Labor Code section 1102.5 is established, Plaintiff may be entitled to a penalty of up to $10,000. Cal. Lab. Code § 1102.5(f). Accordingly, Plaintiff has put in controversy at least another $10,000 by alleging a violation of Labor Code section 1102.5.

## V. REMAINING REQUIREMENTS OF 28 U.S.C. SECTION 1446 ARE FULFILLED

41. Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, PTL respectfully requests that this Court exercise its removal jurisdiction over this action.

42. In the event this Court has a question regarding the propriety of this Notice of Removal, PTL requests that the Court issue an Order to Show Cause so that PTL may have an opportunity to more fully brief the basis for this removal.

DATED: December 7, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Evan R. Moses
   Evan R. Moses
   Madeleine K. Lee
   Justin M. Dean

Attorneys for Defendant
PENSKE TRUCK LEASING CORPORATION

DEFENDANT PENSKE TRUCK LEASING CORPORATION'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

53755530.v1-OGLETREE