# EXHIBIT A

| | |
|---|---|
| MEHTANI LAW OFFICES, P.C.<br>AANAND MEHTANI (SBN 254556)<br>9171 Wilshire Blvd., Ste. 500<br>Beverly Hills, CA 90210<br>Telephone: 310-776-3590<br>Facsimile:  310-776-3600<br>amehtani@mehtanilaw.com<br><br>Attorneys for Plaintiff,<br>Juan Velez Rodriguez | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>11/02/2022 at 11:26:41 AM<br>By: Angela Linhares,<br>Deputy Clerk |

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| JUAN VELEZ RODRIGUEZ, an individual,<br><br>   Plaintiff,<br><br>vs.<br><br>PENSKE TRUCK LEASING CORPORATION, a Delaware corporation; ALEX DARE, an individual; and DOES 1 through 50, inclusive,<br><br>   Defendants. | Case No.  22CV020996<br><br>**COMPLAINT**<br><br>1. **VIOLATIONS OF LABOR CODE SECTION 98.6**<br><br>2. **VIOLATIONS OF LABOR CODE SECTION 6310**<br><br>3. **VIOLATIONS OF LABOR CODE SECTION 1102.5**<br><br>4. **ADVERSE EMPLOYMENT ACTION IN VIOLATION OF PUBLIC POLICY**<br><br>[DEMAND FOR JURY TRIAL] |

COMPLAINT

Mehtani Law Offices

Plaintiff Juan Velez Rodriguez ("Plaintiff") alleges in this Complaint ("Complaint") as follows on knowledge as to himself and his known acts, and on information and belief as to all other matters:

## I.

## **FACTUAL ALLEGATIONS**

1. Defendant Penske Truck Leasing Corp. (the "Company") leases trucks. Plaintiff started working for the Company in or around June 2019 as a customer service representative. He was responsible for truck maintenance for large scale truck leasers such as UPS.

2. During his time with the Company, at least 10-15 times per year, Plaintiff complained to his manager/supervisor Robert Lahey that he was not getting reimbursed for business expenses. Such expenses included without limitation gas, cell phone use, and uniform (including special rain jackets/rain boots/head lamps).

3. Plaintiff also complained that he was unsafe on night shifts. The Company did not provide any walkie-talkie or other communication device, or any self-defense weapon, but the Company also did not permit Plaintiff to use his phone at work. That said, cell phone use was still a business expense there was no other method to clock in and out of work or keep track of certain tasks or records – Plaintiff understood that he was supposed to be issued a tablet, but he was never issued a tablet. Plaintiff complained about the safety issue orally to Mr. Lahey tens of times per year when he felt unsafe.

4. In response to the Plaintiff's complaints, the Company provided Plaintiff with two gift cards for about $15 to Chipotle and Panera Bread respectively. The Company once provided another $50 "credit card gift card" for cell phone use in early 2022, but there was nothing provided after that and there was no communication regarding any policy related to cell phone use reimbursement.

5. On or around July 18, 2022, Plaintiff left the Company for personal reasons.

6. Plaintiff applied to rejoin the Company in or around September 2022. He was informed by Lahey that the Company was searching for someone. At first, the Company Human Resources Department told Plaintiff that he was eligible for rehire and he should reapply.

7. Ultimately, Plaintiff did not get the job. He was told by Lahey that he did not get the job because of his persistent complaining about the reimbursement and safety issues set forth above. Specifically, Lahey told Plaintiff that Defendant Alex Dare did not want to rehire him – and took the decision not to do so – because Dare was aware of the frequent complaints and he did not want such a complainer at the site. Hereinafter Dare together with the Company shall be referred to as "Defendants."

8. The misconduct, as described in paragraphs 1-7 above, was performed or ratified by managing agents of the entity Defendants, including, but not limited to Lahey and Dare and other senior employees at Defendants (the "Managing Agents"). The Managing Agents were each responsible for overseeing a substantial portion of the entity Defendants' business operations, and each exercised substantial discretionary authority over vital aspects of such operations, including making significant decisions that affect the Company's internal policies. The Managing Agents engaged in malicious, fraudulent, and oppressive conduct that justifies an award of punitive damages.

9. In committing the foregoing acts as set forth above in paragraphs 1-6 above, the Managing Agents willfully disregarded Plaintiff's right to be free from retaliation.

10. In committing the foregoing acts as set forth in paragraphs 1-6 above, the Managing Agents acted despicably and subjected Plaintiff to cruel and unjust hardship in conscious disregard for Plaintiff's rights under California law.

11. In committing the foregoing acts as set forth in paragraphs 1-6 above, the Managing Agents intended to cause emotional and financial injury to Plaintiff.

## II.

## PARTIES

12. At all relevant times, Defendants did business in Alameda County. Plaintiff is, and at the relevant times mentioned herein was, a resident of Alameda County.

13. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of said defendants when the same has been

ascertained. Each of the fictitiously named defendants is responsible in some manner for the acts complained of herein. Unless otherwise stated, all references to named defendants shall include DOE defendants as well.

14. At all times mentioned herein, Defendants acted in concert, and/or as alter egos of each other, or otherwise are jointly liable for the unlawful conduct complained of herein. Indeed, Plaintiff is informed and believes and thereon alleges that Defendants handle certain aspects of their employer-employee relationships jointly and are a single employer, joint employer and/or integrated enterprise. Plaintiff further alleges that Defendants at the relevant times were a single employer, joint employer and/or an integrated enterprise employing Plaintiff.

### III.

### JURISDICTION AND VENUE

15. Jurisdiction and venue are proper in this Court because all of the claims alleged herein arose in Alameda County and all of the defendants are doing or did business or reside in Alameda County, and/or their principal place of business is in Alameda County, in each case, at the times relevant herein. *See also* Govt. Code § 12965(b) (stating venue is appropriate in, *inter alia*, any county in the state in which the unlawful practice is alleged to have been committed).

16. The amount in controversy in this matter exceeds the jurisdictional limits of this Court, exclusive of interest and costs.

### IV.

### FIRST CAUSE OF ACTION

(Retaliation in Violation of California Labor Code section 98.6)

(On Behalf of Plaintiff Against the Company)

17. Plaintiff realleges and incorporates by reference paragraphs 1-16, inclusive, of this Complaint as though fully set forth herein.

18. California Labor Code section 98.6 prohibits employers from subjecting an employee to any adverse employment action because that employee asserted any right afforded him by the Labor Code.

19. The Company subjected Aguilera to adverse employment actions by, without limitation, failing to rehire him, because he sought to be reimbursed for business expenses in accordance with Labor Code section 2802.

20. As a proximate result of the Company's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

21. The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants. Defendants had advance knowledge of the conduct of the Managing Agents, who acted with fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of the Defendant employer, thereby entitling Plaintiff to punitive and exemplary damages against Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

22. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## V.

## SECOND CAUSE OF ACTION

**(Retaliation in Violation of California Labor Code section 6310)**

**(On Behalf of Plaintiff Against the Company)**

23. Plaintiff realleges and incorporates by reference paragraphs 1-22, inclusive, of this Complaint as though fully set forth herein.

24. California Labor Code section 6310(b) prohibits employers from retaliating against

employees for making bona fide oral or written complaints to their employers and/or other governmental agencies "having statutory responsibility for or assisting the division with reference to employee safety or health … of unsafe working conditions, or work practices, in his or her employment or place of employment."

25. As set forth above in Section I above, Plaintiff made bona fide oral and/or written complaints to the Company about unsafe working conditions, including physical assault and battery. Thereafter, the Company retaliated against Plaintiff for making those complaints by failing to re-hire him. The Company's conduct therefore violated Labor Code section 6310(b).

26. As a proximate result of the Company's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

27. The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants. Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

28. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

//

## VI.

## THIRD CAUSE OF ACTION

**(Retaliation in Violation of California Labor Code section 1102.5)**

**(On Behalf of Plaintiff Against All Defendants)**

29. Plaintiff realleges and incorporates by reference paragraphs 1-28, inclusive, of this Complaint as though fully set forth herein.

30. Employers are required by Labor Code section 1102.5, subdivision (a) not to adopt or enforce any policy prohibiting an employee from disclosing information that the employee has reasonable cause to believe violates a state or federal statute, or violates a state or federal rule or regulation, whether such disclosure is made externally to a government agency or made internally to someone with authority over the employee.

31. Employers are required by Labor Code section 1102.5, subdivision (b) not to retaliate against an employee for disclosing information, or because the employer believes the employee disclosed information or may disclose information, to a governmental body or to any person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

32. Pursuant to Labor Code section 1102.5, subdivision (c), employers may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

33. Employers or *any person acting on their behalf* are required by California Labor Code section 1102.5, subdivision (d) not to retaliate against an employee who exercises her rights under subdivisions (a)-(c).

34. The Company and Dare refused to resume Plaintiff's employment in violation of Labor Code section 1102.5. Plaintiff disclosed information that he had reasonable cause to believe

constituted a violation of laws pertaining to health and safety standards and assault and battery, including, but not limited to, CAL/OSHA, FEHA, Labor Code sections 232.5, 6310, and common law regarding retaliation in the workplace and, assault, battery, intentional infliction of emotional distress. In response, the Company and dared to refused to rehire Plaintiff. The Company conduct therefore constituted unlawful retaliation pursuant to Labor Code section 1102.5 subd. (a), (b), (c) and (d).

35. As a proximate result of the Company's conduct, Plaintiff suffered and continues to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

36. The acts of oppression, fraud, and/or malice, were engaged in by Managing Agents employees of Defendants. Defendants had advance knowledge of the unfitness of each employee who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of each of the Defendant employers, thereby entitling Plaintiff to punitive and exemplary damages against each Defendant employer in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

37. Labor Code Section 1102.5 provides for an award of reasonable attorneys' fees and costs incurred by a prevailing Plaintiff in an action brought under its provisions. Plaintiff has employed and will continue to employ attorneys for the initiation and prosecution of this action. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein. Plaintiff is entitled to an award of attorneys' fees and costs.

38. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

## XIII.

## NINTH CAUSE OF ACTION

### (Adverse Employment Action in Violation of Public Policy)

### (On Behalf of Plaintiff Against the Company)

39. Plaintiff realleges and incorporates by reference paragraphs 1-38, inclusive, of this Complaint as though fully set forth herein.

40. As set forth in Section I above, Plaintiff's employment not resumed because his protected complaints about safety, wages and reimbursement.

41. Thus, Defendants refused to rehire Plaintiff's in violation of important and well-established public policies, set forth in various state statutes and Constitutional provisions including but not limited to Labor Code sections 232.5, 98.6, 1102.5 2802, the common law (including intentional torts) and 6310.

42. As a proximate result of the conduct of Defendants, Plaintiff has suffered and will continue to suffer damages in terms of lost wages, lost bonuses, lost benefits, and other pecuniary loss according to proof. Plaintiff has also suffered and will continue to suffer physical and emotional injuries, including nightmares, nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, and anxiety. The amount of Plaintiff's damages will be ascertained at trial.

43. The act of oppression, fraud, and/or malice were engaged in by employees and Managing Agents of Defendants. Defendants had advance knowledge of the unfitness of each employee and/or agent who acted with oppression, fraud, and/or malice, and/or authorized or ratified the wrongful conduct for which an award of punitive damages is sought, and/or was personally guilty of oppression, fraud, and/or malice. The advance knowledge and conscious disregard, authorization, ratification, or act of oppression, fraud, and/or malice was committed by or on part of an officer, director, or managing agent of Defendants, thereby entitling Plaintiff to punitive and exemplary damages against Defendants in accordance with California Civil Code section 3294 in a sum appropriate to punish and make an example out of Defendants.

44. Plaintiff has been generally damaged in an amount within the jurisdictional limits of this Court.

**PRAYER FOR RELIEF**

As to All Causes of Action

1. For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2. For special damages, according to proof on each cause of action for which such damages are available.

3. For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4. For declaratory and injunctive relief, as appropriate.

5. For punitive damages, as appropriate.

6. For penalties, as appropriate.

7. For pre-judgment interest and post-judgment interest according to law.

8. For reasonable attorneys' fees incurred in this action pursuant to Labor Code section 1102.5 and any other applicable law.

9. For costs of suit incurred in this action.

10. For such other and further relief and the Court deems proper and just.

Dated: November 2, 2022          MEHTANI LAW OFFICES, P.C.

                                  By: _____
                                       AANAND MEHTANI

                                  Attorneys for Plaintiff
                                  JUAN VELEZ RODRIGUEZ

## DEMAND FOR JURY TRIAL

Plaintiff Juan Velez Rodriguez hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages.

Dated: November 2, 2022

MEHTANI LAW OFFICES, P.C.

By: *Aanand Mehtani*
AANAND MEHTANI

Attorneys for Plaintiff
JUAN VELEZ RODRIGUEZ